IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Elizabeth Fant, | ) |
| | ) |
| | ) C.A. No. 8:10-cv-00253-JMC |
| Plaintiff, | ) |
| | ) **ORDER AND OPINION** |
| v. | ) |
| | ) |
| Gracie Floyd, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on Defendant Gracie Floyd's Motion to Strike Plaintiff Elizabeth Fant's Amended Complaint. [Doc. # 10]. After reviewing the motion and memoranda, the response, and the applicable law, the court denies Defendant's Motion to Strike.

**Facts and Procedural Background**

Plaintiff filed her Complaint with this court on February 2, 2010. On March 2, 2010, Plaintiff served her Complaint on Defendant. On March 22, 2010, Defendant filed a Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6). Plaintiff's response to the motion was due on or before April 8, 2010; however, on that date Plaintiff's counsel requested, by email, an extension of fifteen (15) days "to respond or otherwise plead to your motion to dismiss." [Doc. # 11-3, at 1]. Defendant's counsel consented to the extension to file a response, and this court granted the extension to respond to the motion via a text order dated April 9, 2010. Plaintiff was given until April 23, 2010 to respond to the motion and instead filed an Amended Complaint on that date. [Doc. # 9]. Plaintiff has not filed a response to Defendant's motion. Defendant now moves, under Fed. R. Civ. P. 15(a), for an order striking Plaintiff's Amended Complaint as improperly filed.

1

**Law and Analysis**

Under Rule 15(a)(1) of the Federal Rules, "[a] party may amend its pleading once as a matter of course within 21 days of serving it, or . . . 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." According to Rule 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Although Rule 15(a) mandates that leave to amend pleadings should be granted freely where justice requires, "[m]otions to amend are committed to the discretion of the trial court." *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir.1991). Leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile. *See Foman v. Davis,* 371 U.S. 178 (1962); *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509-10 (4th Cir.1986). "[D]ecisions on the merits are not to be avoided on the basis of 'mere technicalities.'" *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986) (quoting *Forman v. Davis*, 371 U.S. 178, 181 (1962)).

Plaintiff seeks to amend her complaint to add allegations not significantly different from the allegations contained in her initial complaint. Plaintiff also seeks to amend her complaint by including in it the text of the Anderson County Code of Ordinances, § 2-37(8) upon which she bases her claims that Defendant violated her rights under the First and Fourteenth Amendments to the United States Constitution.

Defendant makes three arguments in support of her Motion to Strike. First, under Fed. R. Civ. P. 15(a)(1)(B), Defendant argues that Plaintiff did not file her amended complaint "within 21 days after service of a motion under Rule 12(b) . . . ." [Docket # 10-1]. Next, Defendant argues that Plaintiff was not granted an extension of time to amend her complaint. Defendant supports this assertion by stating that "Plaintiff, on the date her response to Gracie Floyd's Motion to Dismiss was

originally due, requested an extension of time to respond to the motion." [Doc. # 10-1, at 2]. Defendant also notes that this court granted, via text order, a fifteen day extension to respond to the motion to dismiss. [Doc. #10-1, at 2]. However, the record also indicates that Plaintiff's counsel requested, via email dated April 8, 2010, "a 15 day extension to respond **or otherwise plead** to [the] motion to dismiss." [Docket # 11-3, at 1] (emphasis added). Finally, Defendant argues that under Fed. R. Civ. P. 15(a)(2), Plaintiff neither had Defendant's consent nor leave of this court to amend her complaint. The court recognizes that Defendant did not consent to Plaintiff's amended complaint and that the court granted leave to respond to the 12(b)(6) motion but not, technically, leave to amend. [Doc. # 9].

Plaintiff informed Defendant by email that he was filing a motion for an extension of time to "respond or otherwise plead" to Defendant's motion to dismiss based on Plaintiff's counsel's health concerns. The court finds that Plaintiff's request to "respond or otherwise plead" is unambiguous and thus includes a request to submit a pleading. Defendant did not object to Plaintiff's request. Furthermore, under Rule 15(a)(2) the court finds that the amendment should be granted in the interest of justice.

For the foregoing reasons, the court denies Defendant's Motion to Strike Plaintiff's Amended Complaint. [Doc. # 10].

**IT IS SO ORDERED.**

s/J. Michelle Childs  
United States District Judge

December 2, 2010  
Greenville, South Carolina