UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Elizabeth Fant, ) | |
| ) | C.A. No. 8:10-cv-00253-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Gracie Floyd, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This case arises from a dispute between plaintiff Elizabeth Fant ("Fant"), a resident of Anderson County, and defendant Gracie Floyd ("Floyd"), an elected member of the Anderson County Council regarding, *inter alia*, Floyd's alleged conduct at Council meetings and while acting in her official capacity. Currently before the court is Defendant's Motion to Dismiss [Doc. 15] pursuant to Fed. R. Civ. P. 12(b)(6) in which Floyd asks the court to dismiss this action because Fant has failed to state a claim upon which relief may be granted and because several of the remedies Fant seeks are unavailable to redress the cause of action as pled in Fant's complaint.

**LEGAL STANDARD**

To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl.*

1

*Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted).  Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).  A complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir.1996).  The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

Fant regularly attends Anderson County Council meetings, and often exercises her right to speak to the Council during the portions of meetings when comments from citizens are permitted. Fant claims that she criticized Floyd's behavior in County Council meetings during one such citizen comment segment of a meeting, and afterward Floyd retaliated by threatening Fant, thereby causing her to be afraid to voice any concerns during County Council meetings. Fant alleges Floyd's actions constitute a violation of Fant's First Amendment rights to free speech, and has brought this action under 42 U.S.C. § 1983. Floyd argues that Fant has failed to state a cause of action, and that the forms of relief she seeks are improper in this case.

The court finds that the facts Fant has pled are sufficient to sustain a cause of action against Floyd for a violation of 42 U.S.C. § 1983, and Floyd's Motion to Dismiss is denied.

### A.  *First Amendment Retaliation*

Floyd first argues that Fant has failed to state a cause of action under 42 U.S.C. § 1983 because Fant's speech is not protected by the First Amendment. Specifically, Floyd argues that Fant's claim fails because she spoke at a limited public forum and because her speech constituted a personal attack on Floyd. To support her argument, Floyd relies on *Steinburg v. Chesterfield Cnty. Planning Comm'n*, a case in which the court found that the plaintiff's First Amendment rights had not been violated when he was forcibly removed from a government meeting because he used his opportunity to speak to personally attack the commissioners running the meeting. 527 F.3d 377 (4th Cir. 2008). In *Steinburg*, the court explained that a citizen's use of a limited public forum to question a government official's conduct is not the same as a personal attack and is a legitimate subject that may be raised during a public meeting.

3

*Id.* at 386-87. In the present case, Fant alleges that she questioned Floyd's official conduct during meetings. There is no indication that Fant's comments rose to the level of a personal attack, and unlike *Steinburg*, Fant was never forcibly removed from a meeting. Taking the facts in the light most favorable to Fant, she has sufficiently alleged that she used the time afforded to her by the Anderson County Code of Ordinances, art. II, § 2-37(f)(8), to express her concerns about Floyd's conduct during County Council meetings. Accordingly, Floyd's assertion that Fant's speech was not protected because it occurred in a limited public forum and constituted a personal attack is unconvincing.

Floyd also argues Fant has not adequately pled that her First Amendment rights were violated. Floyd correctly states that Fant must show that Floyd's conduct caused more than a *de minimis* interference or inconvenience in her efforts to exercise her First Amendment rights. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (citing *ACLU of Md., Inc. v. Wicomico Cnty., Md.*, 999 F.2d 780, 786 n. 6 (4th Cir. 1993)). Floyd claims that because there was no "actual interference" with Fant's right to speak freely, Fant's claim must be dismissed.

However, to recover for First Amendment retaliation, Fant "must allege that (1) she engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected her First Amendment rights, and (3) there was a causal relationship between her protected activity and the defendants' conduct." *Id.* at 499 (citing *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000)). Fant does not have to demonstrate that her First Amendment rights were completely frozen; she simply has to show that they were chilled as a result of Floyd's conduct. *Id.* at 500. Fant alleges that her criticisms of Floyd were protected by the First Amendment and that Floyd's retaliatory threats and conduct caused her to be reluctant

4

to speak publicly. The court finds that Fant has properly pled a First Amendment retaliation cause of action, and is not persuaded that being afraid to speak at public meetings for fear of retaliation is a *de minimis* interference with Fant's First Amendment rights.

### B. Color of State Law

Floyd claims that Fant never alleges Floyd was acting under the color of state law when any of the events Fant sets forth in her amended complaint occurred, and therefore Fant's § 1983 claim fails. A plaintiff must show the defendant was acting under color of law in order to recover under 42 U.S.C. § 1983. *See Dowe v. Total Action Against Poverty*, 145 F.3d 653, 658, (4th Cir. 1998).

Fant has alleged that the Anderson County Council is a political subdivision of the State of South Carolina, that Floyd is an elected member of the County Council, and that some of the threatening comments Floyd made to Fant occurred during and immediately following County Council meetings where Floyd was acting in her official capacity.[1] Even though Fant did not include an allegation in her complaint that expressly stated that Floyd was acting under state law, the court finds that Fant adequately alleged facts that indicate that Floyd was acting under color of state law during some of the events that Fant describes in her complaint.

### C. Relief

Fant has requested the court grant her relief in the form of a declaratory judgment stating that Floyd violated her First Amendment rights, an injunction to prevent Floyd from violating

---

[1] The court is concerned that some of the factual allegations Fant sets forth in her amended complaint—having her conversation interrupted at a gala, for example—are not actionable. However, Fant also alleges that some of Floyd's actions took place while Floyd was acting as an elected official. Because only Floyd's actions in her official capacity are actionable, the court will so limit Fant's complaint.

her rights in the future, monetary damages, and any other relief to which the court may find she is entitled. Floyd claims that Fant is not entitled to an injunction, nor is she entitled to a declaratory judgment under the facts as pled in the amended complaint.

Floyd argues that Fant has failed to plead that she would suffer irreparable harm in the absence of an injunction, and that neither the balance of equities nor the public interest weighs in Fant's favor.

> "A plaintiff seeking a[n] . . . injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of . . . relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest."

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, --, 129 S. Ct. 365, 374 (2008). Nowhere in her complaint or in her response to Floyd's motion to dismiss does Fant explain what irreparable harm she would suffer if she were denied an injunction. In her response to this motion, Fant simply refers to cases that stand for the proposition that courts have granted injunctions to prevent further violations of plaintiffs' constitutional rights. Fant does not address the facts of this case or allege the necessary facts to demonstrate that an injunction is appropriate. Accordingly, the court agrees with Floyd that Fant has failed to plead sufficient facts that would entitle her to injunctive relief in her amended complaint.

Floyd also claims Fant is not entitled to a declaratory judgment because Fant alleges her rights were violated in the past. In order to be entitled to declaratory relief, Floyd argues, a plaintiff must show she needs guidance about future actions, not about events that have already occurred. Declaratory judgments are intended to clarify the rights of parties to whom there are no adequate remedies available before damages accrue. *See McDougald v. Jenson*, 786 F.2d

1465, 1481 (11th Cir. 1986); *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990) (citing *McDougald*).

The court agrees that Fant has not asserted adequate facts to support her contention that her damages are ongoing. The last incident she cites occurred January 19, 2010, and she does not contest Floyd's argument regarding the propriety of a declaratory judgment in her response to Floyd's memorandum in support of the motion to dismiss. Therefore, a declaratory judgment appears to be improper based on the facts in Fant's amended complaint.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant's Motion to Dismiss [Doc. 15]. Plaintiff Fant has adequately pled a cause of action under 42 U.S.C. § 1983. However, the court finds that Fant has insufficiently pled facts to support her claim for declaratory and injunctive relief. Accordingly, the court will allow Fant to amend her complaint to more specifically allege facts related to her claim for declaratory and injunctive relief. Such amended complaint must be filed within ten (10) days of this order.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

July 25, 2011
Greenville, SC